FILED

2005 JUL 14 P 3: 21

CLERK, US DIST COURT
EASTE...
FOR THE EASTERN DISTRICT OF CALIFORNIA   OF CALIF

BY_____
        JTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America, | CASE NO. |
| | 1:05-mj-00149 |
| Plaintiff, | |
| vs. | ORDER TO THE CLERK OF THE |
| Lonnie Glenn Schmidt, | UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF |
| Defendants. | TEXAS DALLAS DIVISION |
| _____/ | (faxed order) |

On July 13th, 2005, the above-named Defendant was brought before this Court pursuant to his arrest in compliance with a court order from the Northern District of Texas, Dallas Division, in the case of SECURITIES AND EXCHANGE COMMISSION v RESOURCE DEVELOPMENT INTERNATIONAL, ET AL. 3:02-CV-0605-R. The court order was executed by The Honorable Jerry Buchmeyer, United States District Court Judge, on January 23, 2003. (See attached)

Defendant Schmidt is choosing to act as his own lawyer. He is contesting authority to arrest him more than 100 miles from Dallas, Texas (citing FRCP 4.1(b)), asserting that no transfer order can be issued without an arrest warrant, and demanding an identity hearing. The matter was continued from July 13, 2005 to July 14, 2005 at noon, Pacific Standard Time.

THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION IS HEREBY ORDERED TO PROVIDE THE FOLLOWING DOCUMENTS TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION BY FAX (559-498-7289) FORTHWITH:

1. Any documentary evidence of authority that the present civil commitment of the defendant being held in the Eastern District of California is due to his being in contempt of "a decree or injunction issued to enforce the laws of the United States" (FRCP 4.1(b));

2. Any documentary evidence indicating under what "laws of the United States" the decree or injunction was issued;

1

3. A copy of the notice of contempt hearing for which the defendant failed to appear;

4. The proof of service of the notice of contempt hearing for which the defendant failed to appear;

5. A copy of the arrest warrant issued for the defendant's arrest;

6. Any and all information or documentation available to the Clerk of Court that would tend to

        establish a means to identify the person in custody in the Eastern District of California

        as being  Lonnie Glenn Schmidt (i.e. height, weight, age, date of birth, physical

        description, etc).

The purpose of this order is to allow compliance with the Court Order issued on January 23, 2005 by The Honorable Jerry Buchmeyer, United States District Court Judge.   The hearing for the defendant is to be held within five hours of the receipt of this FAX order. This Court recognizes the time pressures placed on the recipient, and is grateful for the consideration.

        IT IS SO ORDERED.

DATED: July 13, 2005

                              LAWRENCE J. O'NEILL
                         UNITED STATES MAGISTRATE JUDGE

2


clear and convincing evidence, as follows:

1. On March 25, 2002, this Court entered an Order Appointing Temporary Receiver ("Receivership Order") in which, among other things, the Court took exclusive jurisdiction and possession of all Receivership Assets, including the assets of the Relief Defendant International Education Research Corporation.

2. The Receivership Order enjoined all persons "from in any way disturbing the Receivership Assets". *See Receivership Order at paragraph 5.* The Receivership Order also ordered all persons who receive actual notice of the Receivership Order to "promptly deliver to the Receiver all Receivership Assets" in their possession or control.

3. By letter dated March 26, 2002, counsel for the Receiver provided Lonnie Glenn Schmidt with a true and correct copy of the Receivership Order and made demand upon Schmidt to comply with the Order and turn over to the Receiver any and all Receivership Assets in the possession or control of Schmidt.

4. Through his investigation, the Receiver learned that beginning in November, 1999, International Education Research Corporation, a Relief Defendant whose assets are in receivership, transferred RDI investor funds of at least $282,405 to Schmidt. On August 7, 2002, the Receiver filed with this Court Petition Number 14, Receiver's Petition for Order Directing Lonnie Glenn Schmidt, Individually and doing business as Second Opinion Services, to Turn Over all Receivership Assets ("Petition 14"). A true and correct copy of Petition 14 was served upon Schmidt.

5. On August 15, 2002, the Court entered an Order Re: Petition No. 14, directing Schmidt to turn over to the Receiver within ten (10) days the sum of $282,405, representing the monies Schmidt received from International Education Research Corporation. Schmidt was personally served with a certified copy of the Order Re: Petition No. 14 on November 5, 2002.

6. To date, Schmidt has failed to comply with the Order Re: Petition No. 14.

7. On November 19, 2002, the Securities and Exchange Commission and the Receiver Lawrence Warfield filed their Motion to Hold Lonnie Glenn Schmidt in Civil Contempt for Failure to Comply With This Court's Order and For Show Cause Hearing (the "Motion for Contempt"). On January 7, 2003, this Court entered an Order for Show Cause Hearing and ordered Schmidt to appear before this Court and show cause as to why he should not be held in civil contempt of court for failing to comply with this Court's Orders, as set forth herein. This Order was personally served on Schmidt on January 14, 2003.

8. On January 23, 2003, this Court conducted a hearing to consider the Motion for Contempt against Schmidt. Schmidt failed to appear before the Court as ordered to show cause as to why he should not be held in contempt of court. The Court's Orders, as set forth herein, are clear, require specific conduct, and Schmidt has ignored such Orders.

9. Schmidt is in contempt of this Court's orders for:

    a.    failing to appear before this Court on January 23, 2003, at 10:00 a.m., to show cause as to why he should not be held in contempt of court; and

    b.    failing to turn over to the Receiver the sum of $282,405 as required by the Order Re: Petition No. 14.

NOW, THEREFORE, IT IS ORDERED that Lonnie Glenn Schmidt shall be remanded into the custody of the United States Marshal and taken to the detainment facility located nearest to the Dallas Division of the United States District Court for the Northern District of Texas and there remain incarcerated until such time as he turns over to the Receiver the sum of $282,405 as required by the Order Re: Petition No. 14 or otherwise provides evidence of the

disposition of such funds and insufficient assets to comply with Order Re: Petition No. 14.

SIGNED this 23 day of ___JAN.___, 2003.

JUDGE JERRY BUCHMEYER
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS